HICKS vs. DUNCAN & SONS.—STRAWBRIDGE, APLT.

APPEAL from the court of the first district.

PORTER, J., delivered the opinion of the court. This case commenced by attachment, and the appellant was appointed to represent the absent debtors. The plaintiff failed in his action, and the appellant, as attorney for the defendants, moved the court below, that he

Where the plaintiff in attachment is cast in the suit, the attorney for defendant is only entitled to have the fee of $11 taxed in the costs.

HICKS
*vs.*
DUNCAN&SONS

should be allowed $301 for his professional services, to be taxed in the costs, and paid by the plaintiff.

This application the judge below refused, and in our opinion most correctly. In this court it has been sustained, on arguments drawn from the uniform custom which has prevailed, of taxing in cases of this kind, the fees of defendant's counsel in the plaintiff's costs, and from considerations of the service rendered to the plaintiff, by the appellant's appearing in the cause.

The custom relied on cannot prevail against the law, which limits the tax fee to eleven dollars. The service rendered the plaintiff, by appearing and defeating him in the suit, is not perceived by the court; and even if it were a service, the act of assembly has fixed the compensation for it. The case in 3 *Martin*, contemplates that the payment shall be made out of the property seized; and, as in that case the plaintiff succeeded, there was no positive law standing in the way of the court, allowing the attorney for defendant a compensation equivalent to his services.

It is therefore ordered, adjudged, and de-

creed, that the judgment of the district court be affirmed with costs.

*Strawbridge* for the plaintiff, *Livermore* for the defendants.